UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR07-003S |
| | ) | |
| RICARDO PIERRE | ) | |

---

MOTION TO SUPPRESS

Now comes Ricardo Pierre, the defendant in the above captioned matter, and moves this Honorable Court, per Rule 41 of the Federal Rules of Criminal Procedure, to suppress all evidence seized by the Cranston Police from 32 Stevens Road, Cranston, RI, on July 28, 2006, pursuant to a defective search warrant. The police submitted an application for the search warrant which was not supported by sufficient facts to show probable cause. Further, the actions of investigation, application, and execution of this defective warrant negate any claim of good faith reliance on the warrant. On that basis the search was illegal and violated Mr. Pierre's Constitutional Fourth Amendment Right to be free from unreasonable governmental searches and seizures. The police seized quantities of cocaine, cocaine base, and marijuana, as well as drug paraphernalia and US currency which the government intends to present against Mr. Pierre in the prosecution of this case. Mr. Pierre requests that this Court exclude this illegally seized evidence from this case.

Respectfully submitted
Ricardo Pierre
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on February 8, 2007.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR07-003S |
| | ) | |
| RICARDO PIERRE | ) | |

---

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS

Mr. Pierre has moved this Honorable Court to suppress all evidence seized pursuant to the execution of a search warrant at his home on July 18, 2006. Mr. Pierre submits this memorandum in support of that motion.

I. Introduction

Detective Paul Saccoccia submitted an affidavit in support of a request for a search warrant to the RI District Court (State) on July 27, 2006, in order to search a house at 32 Stevens Road, Cranston, RI. *See* Affidavit (attached). Saccoccia presented the affidavit to District Court Judge William Clifton stating under oath and affirmation that he believed Mr. Pierre was storing and selling cocaine and marijuana at the home. Judge Clifton authorized the warrant.

Detective Saccoccia did not allege any actual criminal activity or observation of Mr. Pierre engaging in any criminal activity in the affidavit. Saccoccia instead relies on four areas of allegation to support the warrant. He details Mr. Pierre's criminal record. He notes that Mr. Pierre drives a rented car. He notes surveillance has seen some vehicles come to the house for short periods of time and that the owners of some of the vehicles had criminal records for controlled substances and weapons. Lastly, he retrieves a single "bud" of marijuana and packaging material from a garbage bag on the sidewalk near the home. Saccoccia states on these facts he believes that Mr. Pierre is dealing cocaine and marijuana from the home.

The Cranston Police executed the warrant on July 28, 2006. Pursuant to the warrant they

seized cocaine base, cocaine powder, marijuana, associated paraphernalia, and cash. Based on the seizures they arrested Mr. Pierre. The police also arrested Kristina Dimeo, Mr. Pierre's girlfriend and the homeowner, later that day.

## II. Argument

The Cranston Police executed a defective warrant on July 28, 2006, and illegally seized evidence which the government now intends to use against Mr. Pierre. This Court must review the warrant affidavit and consider in the totality whether the allegations amount to probable cause to search Mr. Pierre's home. *See United States v. Strother*, 318 F.3d 64, 67 (1st Cir. 2003); *United States v. Khounsavanh*, 111 F.3d 279, 283 (1st Cir. 1997). Careful review of this affidavit shows this warrant void for lack of the necessary probable cause. Absent probable cause, the Court could still allow the seized evidence here if the Cranston Police reasonably relied on the search warrant in good faith. *United States v. Leon*, 468 U.S. 897, 922-23 (1984). They could not rely here on the warrant, however, because it contained materially inaccurate information and intentionally or recklessly omitted information tending to diminish a finding of probable cause. *See Leon*, 468 U.S. at 923, *following Franks v. Delaware*, 438 U.S. 154 (1978). The Court must suppress all of the evidence seized pursuant to this warrant because the police violated Mr. Pierre's rights under the Fourth Amendment of the United States Constitution.

### A. The Court Must Grant this Motion Because the Affidavit Does not Establish Probable Cause.

Detective Saccoccia alleges, based on his experience, Mr. Pierre's criminal record, Mr. Pierre's car, some of the visitors to Mr. Pierre's home, and a garbage bag found on the sidewalk near Mr. Pierre's home with a "bud" of marijuana inside, that Mr. Pierre was trafficking cocaine and marijuana from his home at 32 Stevens Road. An affidavit for a search warrant must, at the very least, show probable cause for belief that a crime has been committed and that evidence of that crime will be located at the place to be searched. *United States v. Ribeiro*, 397 F.3d 43, 48-49 (1st Cir. 2005); *United States v. Feliz*, 182 F.3d 82, 86 (1st Cir. 1999). *See also Khounsavanh*, 111 F.3d at 283 ("probability is the touchstone"). This affidavit does not show that any crime was committed,

nor that evidence of that suspected crime would be located inside Mr. Pierre's home, even to the probability standard.

The first allegation for cause is Mr. Pierre's criminal record. While Mr. Pierre does have a significant record, the existence of his prior convictions cannot form the basis of probable cause. Mr. Pierre did not surrender his Constitutional protections by way of his felony convictions. Also, the affidavit is incorrect about one aspect; no escape charge exists on Mr. Pierre's record.

Saccoccia alleges that Mr. Pierre drives a rental car and concludes he is dealing drugs because drugs dealers sometimes employ rented vehicles. People rent cars every day for short and long terms for various reasons which are overwhelmingly legal. Drug dealers employ rental cars primarily to avoid or obscure detection, and do not rent those cars in their own names. Saccoccia omits information regarding the actual title and registration of the car, and, if rented, to whom it was rented. That investigation would show that the SUV was rented to Mr. Pierre. Rental under his own name, not a *strawman*, would tend to negate any conclusion of this car being connected to drug dealing. Additionally, Saccoccia neglects to state that Mr. Pierre does have a car registered in RI. That car was in the shop at the time of this warrant, thus the reason for the rental. Detective Saccoccia attempts to draw an inference for the magistrate which is not supported by the facts stated, and completely negated by the facts omitted.

Third, the CI information in the affidavit states "that a male subject known to the CI as Ricardo, was living at 32 Stevens Rd., Cranston, Rhode Island and that the CI believed that drug activity was taking place at this address." Affidavit (attached). The CI noted different cars would come to the house during the day and stay for short periods of time. Saccoccia corroborates that Mr. Pierre lives at the address and does surveil short term visitors at the house. Saccoccia provides no background for expertise, knowledge or reliability of the informant in the affidavit and therefore does not support the CI's bald assertion that he believed drug activity was occurring at the house. Under the circumstances presented in the affidavit, the CI's belief(s) has no basis or relevance at all to the question of probable cause. Saccoccia attempts to prop-up the base conclusion of these assertions by indicating that *some* of the visitors have criminal records, but decides to omit all specific details about the visitors and their records. By omission Saccoccia creates a vacuum in which the magistrate assumes the worst. This Court, however, cannot assume that their records are significant to the

question of probable cause without detail. Nor can the Court assume that the persons with the criminal records actually visited Mr. Pierre's home. Saccoccia did not include that information for a reason: he did not know who actually came to the house, and likely the criminal records were not significant. Without the additional information, neither the CI's suspicions nor the limited information regarding visitors to the home can support cause.

Lastly, Saccoccia states in the affidavit that he seized a bud of marijuana and some packaging material from a garbage bag. Saccoccia artfully describes the scene: "I observed that Pierre had discarded his garbage on the sidewalk of his address." Affidavit (attached). Saccoccia did not see Mr. Pierre place the garbage at the curb. He did not see Ms. Dimeo place the garbage at the curb. He assumed that the garbage came from Mr. Pierre's home but omitted that assumption from the affidavit. Next, he describes what he found in the bag:

> Inside the garbage bag was (sic) several articles used to package both marijuana and cocaine, such as a vacuum pack plastic bag with duct tape on it. Also I seized several gallon plastic bags with marijuana residue in them. One plastic bag contained a "bud" of high grade marijuana that I field tested and it tested positive for that substance. I also confiscated plastic sandwich baggies that the corners were cut off. Plastic baggies are commonly used to package cocaine by cutting off the corners of the baggies after the cocaine is placed in the baggies and tied.

Affidavit (attached). He gratuitously includes the description of the marijuana bud as *high grade* and also that several bags had residue on them. He either neglected to test the residue or omitted the negative results from the affidavit. Also, he fails to mention that he did not locate any identifying documents, papers, or effects in the trash to necessarily link the trash to Mr. Pierre or the house. He also omits any information detailing fingerprint analysis of the alleged packaging material (or anything else found in the garbage). Fingerprints could establish a link to Mr. Pierre or Ms. Dimeo, but with the warrant mum the Court should conclude that the information does not exist. Saccoccia did not see the garbage bag set out at the curb. He took the garbage from the public walkway rather than the curtilage of the home. Without an actual link to the home, the evidence seized from the garbage cannot present cause to search Mr. Pierre's home.

Even when considered in the totality, however, the allegations presented in the affidavit fail to establish probable cause to search Mr. Pierre's home. *See Strother*, 318 F.3d at 67; *Khounsavanh*, 111 F.3d at 283. Detective Saccoccia suspects that drug trafficking is taking place at the home

because he sees the short term visitors and knows a felon lives at the house. He cannot, however, connect that suspicion to any actual crime. The case law requires a crime and a connection between that crime and the place to be searched. *Ribeiro*, 397 F.3d at 48-49; *Feliz*, 182 F.3d at 86. In those two cases the defense attacked the basis for probable cause in the warrants, but, as is the norm in drug trafficking cases, the government had included actual criminal conduct on the part of the defendants in support of the warrants. *Ribeiro*, 397 F.3d at 45-46 (seven "controlled buys" from the defendant listed in the affidavit); *Feliz*, 182 F.3d at 84 (affidavit included two controlled buys from defendant). The affidavit here is atypical because it lacks that essential ingredient of actual criminal conduct. Saccoccia's affidavit has no observations of Mr. Pierre, no observations of Ms. Dimeo, and no observations of the inside of the house. Moreover, his affidavit does not contain any evidence of any completed, ongoing, or contemplated crime. Lastly, Saccoccia does not include essential information to connect the bud of marijuana found in the garbage to the house. His base conclusion that the garbage came from the house because it was out on the sidewalk is not enough. When viewed in the totality Detective Saccoccia may be correct to suspect drug dealing, but his base conclusions and mere suspicion cannot support a finding of probable cause. *See United States v. Vigeant*, 176 F.3d 565, 571 (1st Cir. 1999) (discussing conclusions drawn by an experienced police officer carry no weight in probable cause determination when unsupported by facts). The Court cannot find sufficient probable cause for this search warrant based on the facts and omissions of the affidavit.

B. The Court Must Grant this Motion Because the Police Could Not Rely in Good Faith on this Search Warrant Given the Reckless or Intentional Material Omissions.

Absent probable cause the Court may still allow the government to use the illegally seized evidence against Mr. Pierre if the Cranston Police relied on the search warrant in good faith belief that it was supported by sufficient probable cause. *Leon*, 468 U.S. at 922-23. If the police did not act in good faith then the application of the exclusionary rule here would certainly have a substantial deterrent effect on future conduct.[1] *See id.* at 906. In this fact specific review, this Court must

[1] Specifically the submission of search warrant applications without the necessary factual basis showing probable cause.

consider the objective reasonableness of Detective Saccoccia in his actions of both securing and executing the search warrant here, and whether he should have known that his affidavit was insufficient. *See id.* at 922-23; *see also United States v. Ricciardelli*, 998 F.2d 8, 15 (1st Cir. 1993). Saccoccia's omissions here belie a finding of good faith.

Detective Saccoccia led this investigation, wrote the affidavit, and executed the search warrant. He has also served as police officer for over 23 years. The Court should conclude that Saccoccia acted at the very least recklessly when submitting the affidavit for this search warrant because he should have known it lacks probable cause. Saccoccia did not include any observation of Mr. Pierre. He did not include any facts noting an actual crime. He did not include any facts to connect the garbage to the home, but implied that Mr. Pierre placed the bag on the sidewalk. He did not include the names of the visitors to the home or the details of their criminal records, but implied that they were there for the purpose of purchasing drugs. He neglected to stop any of these visitors to determine their purpose for being at the house. He also failed to include any information about all of the other vehicles that came to the house. Saccoccia mentioned that Mr. Pierre was driving a rental car and implied that use of the rental was indicative of drug dealing, but did not include the information regarding the lease of the vehicle. He also failed to include any information about Mr. Pierre's registered car. Lastly, he failed to mention any information regarding the background of the so-called CI, but implied that the CI's belief of drug activity had some basis. Considering the omissions and coloring of the affidavit, this Court should find that, for the purposes of *Leon*, Detective Saccoccia did not execute this warrant in good faith.

## III. Conclusion

The Cranston Police executed a defective search warrant at Mr. Pierre's home on July 28, 2006, and illegally seized evidence which the government intends to use against him in this matter. The warrant was defective because Detective Saccoccia failed to include sufficient facts in the affidavit to support probable cause. As the drafter of the affidavit and the executor of the warrant, Saccoccia could not rely on the warrant in good faith, per *Leon*, because as a 23 year veteran police officer he knew, or should have known, that the omissions and insufficiencies of his application rendered the warrant void. The police therefore seized evidence from Mr. Pierre's home in violation

of his rights under the Fourth Amendment of the United States Constitution. For all of these reasons this Court must suppress the items seized pursuant to the search warrant which the government intends to use against Mr. Pierre.

Respectfully submitted
Ricardo Pierre
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on February 8, 2007.

/s/ Kevin J. Fitzgerald