**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 07-003S** |
| | : | |
| **RICARDO PIERRE** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

## INTRODUCTION

The defendant contends that the Court should suppress all evidence seized during the execution of a search warrant at the defendant's residence because the search warrant lacked probable cause, and because the officers did not act in good faith. The defendant's arguments are without merit.

## FACTS

On July 28, 2006, Detective Paul Saccoccia of the Cranston Police Department obtained a search warrant for the defendant's residence located at 32 Stevens Road, Cranston, Rhode Island. In the search warrant application, Detective Saccoccia included information from a confidential informant regarding the defendant's drug dealing at 32 Stevens Road. Based upon that information, Detective Saccoccia and other members of the Cranston Police Department began an investigation into the activities occurring at 32 Stevens Road. Through that investigation, Detective Saccoccia was able to corroborate information received from the confidential informant. Significantly, on July 26, 2006, while searching the defendant's trash discarded on the sidewalk of 32 Stevens Road, Detective

Saccoccia found narcotics packaging materials, some of which contained marihuana residue.

Based upon the above-described facts, on July 27, 2006, District Court Judge William Clifton signed a search warrant authorizing Detective Saccoccia to search 32 Stevens Road and the defendant's person. During the execution of that warrant, members of the Cranston Police Department seized a number of items associated with the distribution of narcotics, including but not limited to, scales, baggies, currency, crack cocaine, powder cocaine and marihuana. As a result of those seizures, the defendant has been charged with possession of a controlled substance with the intent to distribute.

## ARGUMENT

### I. PROBABLE CAUSE

In reviewing a magistrate's decision to issue a search warrant, the Court must "accord 'considerable deference' to the 'probable cause' determination made by the issuing magistrate." United States v. Zayas-Diaz, 95 F.3d 105, 111 (1st Cir. 1996). Probable cause does not require any showing that the affiant's belief that evidence will be found in the searched premises "'be correct or more likely true than false.'" United States v. Grant, 218 F.3d 72, 75 (1st Cir. 2000) (quoting Texas v. Brown, 460 U.S. 730, 742 (1983)). "The criterion . . . is whether the facts presented in the affidavit would 'warrant a man of reasonable

caution' to believe that evidence of crime will be found." United States v. Feliz, 182 F.3d 82, 87 (1st Cir. 1999) (quoting Texas v. Brown, 460 U.S. 730, 742 (1983)). This requires a "practical, commonsense" assessment of the magistrate's probable cause finding. Illinois v. Gates, 462 U.S. 213, 238 (1983).

"Where an affidavit relies on the reports of unnamed informants, it must provide some information upon which the issuing justice can assess the credibility of the informant's information." United States v. Barnard, 299 F.3d 90, 93 (1st Cir. 2002). That assessment should be based upon the consideration of several factors, including the probable veracity of the informant, the informant's basis of knowledge, whether the informant's statements were self-authenticating, the existence of any corroboration, and whether the law enforcement affiant included a professional assessment of the probable significance of the facts based on experience or expertise. See Barnard, 299 F.3d at 93; United States v. Khounsavanh, 113 F.3d 279, 284 (1st Cir. 1997). "None of the factors is indispensable; thus, stronger evidence on one or more factors may compensate for a weaker or deficient show on another." Barnard, 299 F.3d at 93 (quoting Zayas-Diaz, 95 F.3d at 111)).

In this case, the information from the confidential informant (CI) standing alone has a certain degree of reliability because it includes a direct observation of suspicious activity

by the CI. According to the affidavit, the CI provided information that an individual "known to the CI as Ricardo" was living at 32 Stevens Road and believed to be engaging in drug activity. The CI directly observed vehicle traffic suggestive of narcotics activity. Furthermore, because the information comes from a confidential informant as opposed to an anonymous tip, the information is more reliable. See Barnard, 299 F.3d at 93.

Although Detective Saccoccia does not describe the reliability of this informant, the majority of the affidavit focuses upon the corroborative facts gathered by detectives. The CI's information was merely the starting point of the investigation. From there, detectives checked data bases and engaged in "investigative techniques" that verified the CI's information that Ricardo Pierre lived at the 32 Stevens Road. They also verified that the defendant had a criminal history of continuous narcotics activity, increasing the likelihood that the CI's information was correct. See United States v. Taylor, 985 F.2d 3, 6 (1st Cir. 1993) ("An affiant's knowledge of the target's prior criminal activity or record clearly is material to the probable cause determination.").

Detectives also confirmed that the defendant was engaging in behavior consistent with narcotics trafficking, namely using a rental vehicle from his home. Detective Saccoccia, relying upon

his 23 years of experience, provides an explanation of the significance of this fact in the affidavit.

Additionally, surveillance of 32 Stevens Road confirmed the CI's information that there was a high degree of traffic at the residence of visitors who only stayed for a short period of time, a fact suggestive of narcotics trafficking. Detective Saccoccia learned that the vehicles driven by these visitors were registered to individuals with criminal records for drug offenses, increasing the likelihood that the CI's information was accurate regarding the narcotics trafficking.

The deathblow to the defendant's probable cause challenge is the search of the defendant's trash. See United States v. Scott, 975 F.2d 927, 928 (1st Cir. 1992) (shredded documents recovered from defendant's trash provided probable cause for a search warrant); United States v. Wilkinson, 926 F.2d 22, 27 (1st Cir. 1997) (overruled on other grounds) (discovery of cocaine residue in trash outside the defendant's home provided probable cause for a search warrant); see also United States v. Dessesaure, 429 F.3d 359, 368-69 (1st Cir. 2005) (seizure from trash taken to the dumpster of powder believed to be heroin, although not tested, combined with additional officer observations constitutes probable cause); United States v. Mustone, 469 F.2d 970, 973 (1st Cir. 1972) (items found in the trash in conjunction with agent's

sworn statement that he heard an offset press in operation "clearly" justified the issuance of a search warrant).

According to the affidavit, the day before the magistrate issued the search warrant, Detective Saccoccia found marihuana residue and a "bud" of marihuana in the defendant's trash. The "bud" tested positive for marihuana. With the narcotics found, Detective Saccoccia found narcotics packaging material, including a "vacuum pack plastic bag" with duct tape and baggies without corners, items consistent with the distribution of marihuana and cocaine. Not only does the trash seizure corroborate the CI, but the drugs and packaging material alone show "'a fair probability that contraband or evidence of a crime will be found in a particular place.'" Khounsavanh, 113 F.3d at 283 (quoting Gates, 462 U.S. at 238).

**II. GOOD FAITH**

Even if the Court determines that the affidavit did not establish sufficient probable cause to authorize the issuance of the search warrant, the evidence seized from the defendant's residence is admissible pursuant to the good faith exception. See United States v. Leon, 468 U.S. 897 (1984). Under that exception, the exclusionary rule does not apply when an officer acts in good faith to obtain a warrant that is later deemed to be insufficient by a reviewing court. See United States v. Capozzi, 347 F.3d 327, 332 (1st Cir. 2003). Furthermore, the government

is not deprived of the benefits of the good faith exception by mere negligence or inattention to detail in the preparation of the search warrant affidavit. See United States v. Brunette, 256 F.3d 14, 20 (1st Cir. 2001); United States v. Owens, 167 F.3d 739, 745 (1st Cir. 1999).

In this case, the defendant argues that Detective Saccoccia did not act in good faith because he recklessly or intentionally made material omissions from the affidavit. The defendant's arguments are the result of a creative and selective reading of the affidavit.

First, the defendant erroneously alleges that Detective Saccoccia did not include observations of Mr. Pierre, when in fact, Detective Saccoccia's affidavit describes surveillance through which it was learned that the defendant uses a rental vehicle. Second, defendant, apparently disregarding the drugs and packaging materials seized from the defendant's trash, claims Detective Saccoccia did not include facts of an "actual crime." He then ignores the location of the garbage searched and claims that Detective Saccoccia did not include information connecting the defendant to the trash. Defendant then chastises Detective Saccoccia for not including the names of the visitors to the defendant's home even though their names are immaterial and their narcotics history, which is significant, is included.

Defendant also complains that Detective Saccoccia did not include more information about the rental agreement, the defendant's own vehicle or the background of the CI. However, these complaints do not suggest any recklessness or intentional falsity on the part of Detective Saccoccia - they merely go to whether or not the affidavit contained sufficient facts to warrant the magistrate's finding of probable case. Given that "[r]easonable minds frequently may differ on the question whether a particular affidavit establishes probable cause," Leon, 468 U.S. at 914, should the Court conclude that the affidavit lacked probable cause, it should nonetheless find that Detective Saccoccia acted in good faith.

**CONCLUSION**

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the defendant's motion to suppress.

Respectfully submitted,
UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
New York Bar
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (fax)
sandra.beckner@usdoj.gov

CERTIFICATION

On February 13, 2007, I caused the within "Government's Response to Defendant's Second Motion to Suppress" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Kevin Fitzgerald
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj