UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR07-0003S |
| | ) | |
| RICARDO PIERRE | ) | |

---

MOTION FOR DOWNWARD DEPARTURE

Now comes Ricardo Pierre, the Defendant in the above captioned matter, and moves this Honorable Court to depart downward from the advisory guideline range suggested in the presentence report ("PSR") pursuant to U.S.S.G. § 4A1.3(b)(1). As grounds thereto, Mr. Pierre asserts that the advisory sentencing guidelines overstate the seriousness of his criminal record. Mr. Pierre also submits the attached memorandum.

Respectfully submitted
Ricardo Pierre
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Heather McLoughlin, United States Probation Officer, and Sandra Beckner, Assistant United States Attorney, on June 15, 2007.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-0003S |
| | ) | |
| RICARDO PIERRE | ) | |

---

MEMORANDUM IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE

Mr. Pierre has moved this Court to depart downward because the advisory sentencing guidelines overstate the seriousness of his criminal record of convictions. The probation department has correctly compiled Mr. Pierre's record and assigned points as prescribed by the guidelines as well assigning the career offender designation. A closer look at Mr. Pierre's current offense and the facts and circumstances of his convictions, however, show that he does not represent the heartland of offenders receiving almost 22 years in prison. The Court may depart from the guidelines when the circumstances show the case to be atypical and outside the heartland of similar offenses. *United States v. Bogdan*, 284 F.3d 324, 327 (1st Cir. 2002); *United States v. Carrion-Cruz*, 92 F.3d 5, 6 (1st Cir. 1996). *See also* U.S.S.G. §1A1.1, Commentary (2005). Further, the Court need only find that the guidelines overstate the criminal record, regardless of any heartland analysis, in order to depart under U.S.S.G. § 4A1.3(b)(1). Neither Mr. Pierre's conduct nor his record or the combination warrants or justifies the suggested career offender sentence here.

The advisory sentencing guidelines, § 4B1.1 specifically, provides for an enhanced sentencing recommendation for individuals with particular convictions on their criminal records. The guideline designates a defendant as a career offender if the current charge is for a crime of violence or a drug trafficking crime, and the defendant has two like convictions in the past ten years. U.S.S.G. § 4B1.1(a) & (b) (2006). The increased sentence recommendation is typically 2 to 3 times longer than the advisory sentencing range without the designation. Here, Mr. Pierre has predicate convictions for drug trafficking offenses. The career offender designation catapults his advisory

sentencing range from 84 - 105 months of incarceration to 262 to 327 months.[1] This increased recommendation, however, has no relation back to Mr. Pierre's actual conduct.

The Court should also consider that the suggested range was artificially enhanced by the government's filing of an § 851 notice of prior conviction. The mere filing of the document raised the mandatory minimum sentence from 5 to 10 years, the maximum sentence from 40 years to life, and the advisory guideline range from 188 - 235 months to 262 - 327 months. The filing did not, however, effect any aspect of Mr. Pierre's actual culpability. While the government has the discretion to file these notices, no serious argument can be made justifying the increase in the advisory range under these circumstances.

The career offender guideline fails to adequately consider individual characteristics of the defendant or the offense. The advisory sentencing range for a career offender is based solely on the maximum statutory penalty an individual faces. For example, a career offender facing sentencing for a bank robbery, presuming acceptance of responsibility, always faces a sentencing range of 151 to 188 months because the maximum penalty for robbery is 20 years. It would ignore such factors deemed relevant by the guidelines as the number of robberies, the dollar amount taken, and the use of weapons and threats. A career offender with a new drug trafficking offense carrying a maximum sentence of 40 years always faces 188 to 235 months. An individual like Mr. Pierre, facing a statutory sentencing range of 10 years to life, always faces the 262 to 327 month range. Again, these sentencing ranges do not take into consideration the unique facts and circumstances of the particular offense or the particular defendant's prior convictions. The result is that defendants with very different offenses and offensive conduct, and criminal records, fall into the same cookie cutter advisory sentencing ranges. That means that the person with two prior breaking and entering convictions faces the same advisory range on his single bank robbery as the person with two prior rape convictions does on his spree of four bank robberies.

Mr. Pierre does have a significant criminal record. But it does not reflect an individual

---

[1] The career offender designation boosts Mr. Pierre's offense level 9 points from 25 to 34, and his criminal history category from IV to VI. Also, the Court should consider the pending crack cocaine guideline amendment which would lower Mr. Pierre's non-career offender range to 70-87 months, thus making the increase more obtuse.

deserving of 22 years in prison. He has no crimes of violence and his drug convictions are relatively minor. Also, none of Mr. Pierre's prior convictions resulted in significant prison sentences. Even looking at Mr. Pierre's record in the worst light it cannot support or justify the sentence recommended by the guidelines through the career offender enhancement.

For all of these reasons the Court should depart downward from the recommended career offender guideline range.

Respectfully submitted
Ricardo Pierre
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Heather McLoughlin, United States Probation Officer, and Sandra Beckner, Assistant United States Attorney, on June 15, 2007.

/s/ Kevin J. Fitzgerald