UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR07-003S |
| | ) | |
| RICARDO PIERRE | ) | |

---

MOTION FOR SENTENCE CONSIDERATION

Now comes Ricardo Pierre, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to Local Rule of Criminal Procedure 32 (2006), to consider and impose a sentence that is sufficient, but not greater than necessary, in compliance with18 U.S.C. § 3553(a). After considering all the appropriate information present in this case, the Court should conclude that the advisory guidelines call for a sentence longer than what is sufficient to comply with 18 U.S.C. § 3553(a). Mr. Pierre requests the Court impose the mandatory minimum sentence of 10 years in custody followed by supervised release. Under the unique circumstances presented here, this sentence will be sufficient to satisfy the purposes of sentencing.

Respectfully submitted
Ricardo Pierre
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was electronically filed with notification to Heather McLoughlin, United States Probation Officer, and Sandra Beckner, Assistant United States Attorney, on June 15, 2007.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR07-003S |
| | ) | |
| RICARDO PIERRE | ) | |

---

MEMORANDUM IN SUPPORT OF SENTENCING
(redacted)

## I. Introduction

Mr. Pierre respectfully submits this memorandum to assist the Court in determining a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2005). Additionally, Mr. Pierre submits this memorandum in support of his Motion for Sentencing Consideration advocating for a sentence outside of the suggested guideline range. The Court is required to sentence a defendant below the advisory guideline range if such a sentence is sufficient to achieve the purposes of sentencing. *Id*. Mr. Pierre requests the Court to impose the mandatory minimum sentence of 10 years in custody followed by supervised release. The proposed sentence adequately addresses society's needs of punishment and deterrence under these circumstances without being longer than necessary.

## II. Procedural Background

On July 28, 2006, The Cranston Police arrested Mr. Pierre after executing a search warrant at 32 Stevens Road and discovering a quantity of cocaine base. The State of Rhode Island has held Mr. Pierre in custody since that time. On January 10, 2007, the government obtained an indictment charging Mr. Pierre with possession of cocaine and cocaine base for distribution. Mr. Pierre appeared before the court on March 12, 2007, and pled guilty to the charges in the indictment. Sentencing is scheduled for June 22, 2007.

## III. Sentencing Considerations

A. General

The Court is bound in its sentencing considerations by 18 U.S.C. § 3553(a). The United States Sentencing Guidelines are not the law and the Court is not bound by its suggested sentences. *United States v. Booker*, 543 U.S. 220, 259 (2005). The statute, § 3553(a), requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentence available, the need to avoid unwarranted sentencing disparity, the need to provide restitution, and the suggested guideline range. 18 U.S.C. § 3553(a)(1), (a)(3)-(7). The primary sentencing mandate of § 3553(a) directs the sentencing court to impose the minimally-sufficient sentence to achieve the statutory purposes of punishment—justice, deterrence, incapacitation, and rehabilitation: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a) (emphasis added).[1] This so-called "parsimony provision" is not simply a factor to be considered in determining sentence; it represents a cap above which the Court is statutorily prohibited from sentencing, even when a greater sentence is recommended by the sentencing guidelines. *Cf., United States v. Denardi*, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).[2] If the Court feels a sentence below the guidelines supports the purposes of sentencing then the Court must impose that particular sentence.

The statutory language notwithstanding, the First Circuit has proclaimed that the advisory guideline range is not just a mere factor in the list above. *United States v. Jimenez-Beltre*, 440 F.3d

---

[1] The statute provides, in pertinent part, that

"the court consider the need for the sentence imposed-

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

18 U.S.C. § 3553(a)(2) (2005).

[2] The precise meaning of the provision, however, is difficult to discern. *See United States v. Navedo-Concepcion*, 450 F.3d 54, 58-59 (1st Cir. 2006) (pointing out that most of the purposes of sentencing weigh negatively toward a defendant and that "there is no mathematical algorithm for the perfect sentence.").

514, 518 (1st Cir. 2006); *see also United States v. Thurston*, 456 F.3d 211, 215 (1st Cir. 2006), *United States v. Smith*, 445 F.3d 1, 4(1st Cir. 2006). The Circuit Court believes the guidelines should carry more weight than the other considerations because they "represent the only integration of the multiple sentencing factors set forth in § 3553(a), often reflect past practice, and bear the imprimatur of the Sentencing Commission." *Thurston*, 456 F.3d at 215 (quoting *Smith* 445 F.3d at 4). Beyond the declaration of heightened importance, the guidelines are not presumptively or per se reasonable, and still reflect generalizations in sentencing. *Jimenez-Beltre*, 440 F.3d at 518. The Court made that distinction seemingly to avoid the appearance of reestablishing a mandatory sentencing scheme. *Id*. (as struck down in *Booker*). Unfortunately, the heightened influence of the guidelines, as well as the sliding scale of justification for sentences outside of the guidelines[3], continues to embrace and support a de facto mandatory sentencing scheme.[4]

This Court must guard against any de facto mandatory sentencing scheme. *Booker*, 543 U.S. at 258-61 (mandatory sentencing schemes unconstitutional). While the guidelines incorporate a number of sentencing factors, they do not include any analysis, evaluation, or consideration of an individual's unique characteristics; they are generalizations. *See Jimenez-Beltre*, 440 F.3d at 518. An individual's background, character, and upbringing cannot be easily quantified in a guideline system, nevertheless, the Court must consider that unique individual information. 18 U.S.C. § 3553(a). In short, the guidelines represent cookie cutter justice at its worst; one size does not fit all. The Court must eschew general application of the advisory guidelines and consider all of the unique characteristics of the defendant when determining this sentence. The sentencing judge is in the best position to evaluate individual defendants under § 3553(a) and determine the appropriate sentence.[5]

---

[3]The First Circuit now requires greater justification for sentences outside of the advisory guideline range depending on how much the sentence varies from the guideline. *Thurston*, 456 F.3d at 215 (citing *Smith*, 445 F.3d at 4).

[4] In fact, the First Circuit has yet to reverse a guideline sentence as unreasonable while reversing every below guideline sentences appealed by the government. *See* NYCDL Appendix to Amicus Brief in *Rita v. United States* and *Claiborne v. United States* (excerpt attached; available at www.nycdl.org (reasonableness review database).

[5]Comparing other § 3553(a) factors to advisory guidelines actually resembles the comparison of apples to oranges because only the guidelines directly coincide with a time period; the sentencing court must then look to the other factors to determine if that suggested period of incarceration is appropriate under all of the circumstances in the case. *Jimenez-Beltre*, 440 F.3d

Mr. Pierre presents ample circumstance to warrant the Court's imposition of a sentence below the advisory guideline range.

B. Criminal History

Mr. Pierre has a significant criminal record of convictions, but the evaluation of those convictions by the advisory sentencing guidelines plainly overstates the seriousness. He has four prior convictions involving controlled substances and one minor driving offense. Those convictions tally 9 criminal history points per the guidelines, rendering a moderately high criminal history category IV. He has a simple possession and a hand to hand delivery of cocaine from 1999 when Mr. Pierre was 19 years old. The other two drug convictions are treated as a single conviction for points under the guidelines because Mr. Pierre was charged in Providence and Kent Counties for separate deliveries of cocaine as part of the same sting operation. The amount of cocaine involved in those sales, however, was still relatively small and rightly considered street level amounts. While category IV is somewhat high, the advisory guidelines go further and classify Mr. Pierre as a career offender. That designation, however, has no bearing or relation whatsoever to Mr. Pierre's conduct here. The designation is a flawed overinclusive sentencing category which fails to consider significant factors most relevant under 18 U.S.C. § 3553. Most importantly, the career offender designation overstates the seriousness of Mr. Pierre's criminal record.

C. Nature of the Offense

Possession of cocaine for distribution is always a serious offense. Mr. Pierre's criminal conduct in this instance is no different. Although the police did not witness any purchases, nor make any controlled buys, they did develop sufficient information to obtain a warrant for Mr. Pierre's home and seize the cocaine pursuant to the warrant. Noteworthy is that Mr. Pierre realized his responsibility and admitted that he possessed the drugs for distribution.

The suggested sentencing range, however, does not reflect the seriousness of this offense on any level. In fact, a career offender guideline is only based on the defendant's criminal record and the maximum potential sentence. The advisory guideline range here fails to adequately consider Mr. Pierre's culpability. The guidelines do consider the maximum sentence (artificially enhanced along with the mandatory minimum sentence by the government's filing of a discretionary § 851 notice), and the fact of his prior convictions. That range does not consider the actual offense conduct present

---

at 525 (Lipez, J., dissenting) (emphasis added).

in this case, or the facts involved in the prior convictions. Despite this gaping hole of consideration, Mr. Pierre faces a mandatory minimum sentence of 10 years in prison, a maximum of life, and an advisory guideline range of 22 to 27 years. This advisory range is plainly at odds with the purposes of sentencing and is no reflection of the actual seriousness of the offense.

Absent the career offender designation, the advisory guidelines make a more direct, logical, and almost reasonable assessment of the charged conduct. An advisory range for these offenses, possession of 28.77 grams of cocaine base and 154 grams of cocaine powder, has an offense level of 28 before crediting acceptance of responsibility. For Mr. Pierre, his advisory range would be 84 to 105 months of incarceration; calculated for an OL 25 in category IV.[6] These sentencing ranges can only be characterized, at best, as almost reasonable because they still do not take into account the fact that the crack cocaine guidelines are, at least in the eyes of this Court and the United States Sentencing Commission (among others), completely unjustified.[7] While the Supreme Court sits poised to hear that issue in the near future, no serious argument can be made that this advisory guideline range properly reflects the seriousness of this offense committed by Mr. Pierre.

V. The Minimally-Sufficient Sentence

The parsimony provision of 18 U.S.C. § 3553(a) imposes a statutory cap on sentences, regardless of what is recommended under the sentencing guidelines. The sentence cannot be greater than necessary to achieve the purposes of punishment. 18 U.S.C. § 3553(a)(1). Mr. Pierre requests that the Court impose the statutory mandatory minimum sentence of ten years in prison. The proposed sentence strives to achieve the goals of sentencing while also addressing Mr. Pierre's rehabilitative needs.

In determining the minimally-sufficient sentence, the Court must basically ask whether a

---

[6] In fact, applying the Sentencing Commission's proposed amendment to the crack cocaine guidelines would result in a two level reduction for the offense; an OL of 23 in IV resulting in an advisory range of 70 - 87 months.

[7] *United States v. Perry*, 389 F. Supp. 2d 278, 301-02 (D.R.I. 2005) (finding no justification for current crack cocaine penalties under § 3553(a) scrutiny). *See also, e.g.*, United States Sentencing Commission, Report to the Congress: Cocaine and Federal Sentencing Policy (May 2007) (continuing the criticism of Federal crack cocaine sentencing as in prior reports). The comparable guideline range for a like amount of cocaine powder (approx. 183 grams) for Mr. Pierre would be 30 - 37 months; an OL of 15 in category IV.

more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation. In this instance the Court has an advisory sentencing range beginning at almost 22 years in prison. That suggested sentence does not include any consideration of Mr. Pierre individually as required by § 3553(a)(1) (individual's unique background and characteristics), nor the unique facts of this case. This Court must take that into consideration and not apply the advisory sentencing guideline in any presumptive manner. Further, a sentence which does not promote respect for the law or provide for a just punishment (like a sentence based on the discredited crack cocaine guidelines or the exponential career offender ranges) cannot pass the reasonableness standard of review. *See* 18 U.S.C. § 3553(a). The facts and circumstances present here, taken as a whole, warrant a sentence significantly below the advisory range.

## V. Conclusion

For all of these reasons, Mr. Pierre asks the Court to impose the minimum sentence of 10 years in prison followed by supervised release.

Respectfully submitted
Ricardo Pierre
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

## CERTIFICATION

I hereby certify that a copy of this motion was electronically filed with notification to Heather McLoughlin, United States Probation Officer, and Sandra Beckner, Assistant United States Attorney, on June15, 2007.

/s/ Kevin J. Fitzgerald