IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR-07-03S |
| | : | |
| RICARDO PIERRE | : | |

GOVERNMENT'S SENTENCING MEMORANDUM

The defendant moves for a downward departure pursuant to U.S.S.G. § 4A1.3(b)(1) and a variance from the sentencing guideline range. The defendant's motion should be denied and the Court should impose a sentence within the guideline range because such a sentence is reasonable in light of the nature of the offense, the defendant's criminal history, and the need to promote respect for the law, protect the public, and deter criminal misconduct.

DEPARTURE FOR OVER-REPRESENTATION OF CRIMINAL HISTORY

Section 4A1.3 provides for a downward departure where "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b). The guideline commentary provides, as an example, that a downward departure may be warranted in the case of a defendant with only two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period. See U.S.S.G. § 4A1.3 commentary note 3. In other words, the guidelines countenance a departure where

the criminal history category overstates the risk of recidivism as evidenced by a significant break in criminal activity.

Demonstrating its focus upon recidivism and its belief that substantial prison terms should be imposed upon repeat violent offenders and repeat drug traffickers, the Sentencing Commission decided that a career offender's criminal history category should be a category VI. See U.S.S.G. § 4B1.1(b) and Background commentary note. Thus, for a career offender to be entitled to a departure based upon over-representation of criminal history, the defendant must demonstrate that his case is so "exceptional that it is set apart from typical cases." United States v. Gendraw, 337 F.3d 70, 72 (1st Cir. 2003). Even in the extraordinary case where the Court finds that a career offender's criminal history was overstated, the guidelines limit a downward departure for a career offender to one criminal history category. See U.S.S.G. § 4A1.3(b)(3).

In this case, the defendant has nine criminal history points and is a criminal history category IV without the career offender designation. However, all but one of his criminal history points are the result of felony narcotics convictions and the defendant was on probation for three of those offenses at the time he committed the instant offense. More than that, because there was no intervening arrest between P2/03-0138A and K2/03-0044A the defendant did not receive criminal history points for K2/03-0044A

despite the fact that the offense involved narcotics trafficking.

For the last eight years, the defendant has been in and out of jail for narcotics trafficking. Nothing has dissuaded him from dealing drugs. The defendant has demonstrated complete disrespect for the law, trafficking in narcotics yet again despite being on probation for three other drug trafficking offenses. Given the defendant's recent trafficking convictions, there is no merit to his contention that his criminal history is over-represented.

VARIANCE

The defendant argues for a variance based upon lack of guidance as a child and he points to the lack of a male role model as an excuse for his own behavior. Although the Court is not precluded from considering a variance on this basis, see generally United States v. Smith, 445 F.3d 1, 5 (1st Cir. 2006), the Court should consider the disfavored treatment the guidelines give to this well-worn argument. See U.S.S.G. §§ 5H1.10 and 5H1.12. Most criminal defendants have had lives involving poverty, abuse, and neglect. See United States v. Trice, 484 F.3d 470, 475 (7th Cir. 2007) (refusing to vary based upon the defendant's disadvantaged childhood because such a fact is "hardly unique" and does not outweigh the need for "individual and societal deterrence"); United States v. Godinez, 474 F.3d 1039, 1043 (8th Cir. 2007) (refusing to vary on the basis of a

disadvantaged childhood because the defendant had a prior drug conviction and his circumstances were not unusual). A difficult background is not an excuse for the defendant's criminal behavior.

The defendant also claims that his substance abuse provides a basis for variance. The guidelines provide that alcohol and marihuana abuse are not reasons for departure, as substance abuse is "highly correlated to an increased propensity to commit crime." See U.S.S.G. § 5H1.4. For the same reasons, the Court should refuse to vary from the guidelines range.

The defendant also argues for a variance because he contends that his guidelines range as a career offender does not adequately reflect the nature of the offense. He also asserts that this range is based upon his criminal record which he claims overstates the seriousness of his criminal past. While the defendant is certainly correct that his criminal history is driving his guidelines range, the defendant's relentless drug dealing supports the sentencing range. He has three prior convictions that qualify him for career offender status, each of which occurred while he was on probation. For his entire adult life, the defendant has demonstrated a complete inability to obey the laws of society. His employment record is spotty, he ceased his college education because of his drug dealing, and his criminal history indicates that he is a career drug dealer. No

matter how much contact the defendant has had with the police, the courts, or probation, nothing has been able to stop his criminal behavior. A message needs to be sent to the defendant and others who make narcotics their livelihood that such behavior will not be tolerated.

## CONCLUSION

For the reasons discussed above, the government respectfully requests that the Court impose a sentence within the guideline range.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On July 9, 2007, I caused the within "Government's Sentencing Memorandum" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Kevin Fitzgerald
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj