UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
     v.                            )    CR No. 07-003 S
                                   )
RICARDO PIERRE                     )
_____)

MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

Ricardo Pierre has filed a motion to vacate, set aside, or correct sentence (ECF No. 43) pursuant to 28 U.S.C. § 2255 in the above matter. In his motion, Pierre asserts that this Court misinterpreted § 4A1.3 of the United States Sentencing Guidelines ("Guidelines" or "USSG") and that his attorney provided ineffective assistance for failing to point out the misinterpretation to the Court. However, this Court's interpretation was accurate, as explained below, and therefore Pierre's motion is denied.

I.   FACTUAL BACKGROUND

Pierre was charged with possession with intent to distribute five or more grams of cocaine base (Count I) and possession with intent to distribute cocaine (Count II), both in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and (b)(1)(C).

The Government filed an Information (ECF No. 20) pursuant to 21 U.S.C. § 851, asserting that Pierre had four previous felony drug convictions and was thus subject to enhanced penalties for his present offenses. As a result, the mandatory minimum penalty for the Count I offense increased from five years to ten years, and the maximum penalties for both offenses increased as well.[1]

After unsuccessfully moving to suppress certain evidence seized at the time of his arrest, Pierre pleaded guilty to both charges on March 12, 2007, without a plea agreement. Throughout all proceedings in this Court, Pierre was represented by Federal Defender Attorney Kevin Fitzgerald.

The Presentence Report (PSR) prepared by the U.S. Probation Office found that Pierre was a career offender and calculated a guideline sentencing range of 262-327 months, based on an offense level of 34 (level 37 less 3 levels for acceptance of responsibility) and a criminal history category VI. (PSR ¶¶ 24, 33, 48.) Absent the career offender designation, Pierre's guideline range would have been 110-137 months, based on a net

---

[1] The penalty for the Count I offense became ten years to life imprisonment, at least eight years supervised release, and a fine of up to $4,000,000, and for the Count II offense, up to thirty years imprisonment, at least six years supervised release, and a fine of up to $2,000,000. See 18 U.S.C. § 841(b)(1)(B)-(C).

offense level of 28 and a criminal history category IV.  (PSR ¶¶ 17-23, 33.)

In advance of sentencing, Pierre's counsel filed a motion for a sentence below the advisory guideline range and a motion for a one-level downward departure pursuant to USSG § 4A1.3(b), arguing that the applicable criminal history category substantially over-represented the seriousness of Pierre's criminal history.

At the sentencing hearing, this Court denied the motion for a one-level downward departure, stating that it had full discretion to adjust the sentence because of the advisory nature of the guidelines.  (See Sentencing Hr'g Tr. 9-10, July 27, 2007 ("Sent. Tr.").)  All parties and the Court agreed that any downward departure under USSG § 4A1.3(b)(3)(A) was limited to one level.  (Id. at 7, 8, 10.)  Based on the overstatement of Pierre's criminal history, on the factors under 18 U.S.C. § 3553(b), and on its discretion, this Court sentenced Pierre to 188 months imprisonment on each count -- 74 months below the low end of the applicable advisory guideline range -- to be served concurrently.

Pierre appealed, challenging the denial of his motion to suppress.  He did not challenge the calculation of his sentence. His conviction and sentence were summarily affirmed by the First Circuit.  Further review was denied by the U.S. Supreme Court on

October 6, 2008.  See Pierre v. United States, 129 S. Ct. 329 (2008).

Pierre then filed the instant motion to vacate.[2] He asserts that: (1) this Court abused its discretion by misunderstanding the scope of its authority to depart under USSG § 4A1.3; and (2) his counsel was ineffective for not arguing that this Court could depart by more than one level. The Government has objected to the motion and this matter is now ready for decision.

II. DISCUSSION

Generally, the grounds justifying relief under § 2255[3] are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. See United States v. Addonizio, 442 U.S. 178, 184-85

---

[2] Pierre had previously filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), on the basis of the crack cocaine guideline amendments of 2007. This Court denied the motion as well as his request for reconsideration. (See Text Orders, Feb. 27, 2009 and Aug. 28, 2009.)

[3] Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

(1979). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Id. at 185 (internal quotation omitted).

A. Guideline Claim

Pierre claims that this Court committed error and abused its discretion in denying his request for a downward departure pursuant to USSG § 4A1.3 based on the Court's allegedly mistaken belief that it was restricted to a one-level departure under that guideline provision. (See Mem. in Supp. of Pet'r's Mot. to Vacate 3, ECF No. 43 ("Pet. Mem.").)

As a threshold matter, it is questionable whether this claim is even cognizable in this proceeding. First, his challenge to this Court's calculation of his sentence could have been raised on direct appeal and thus is defaulted, absent cause and prejudice. See Owens v. United States, 483 F.3d 48, 56-57 (1st Cir. 2007) (claims that could have been raised on direct appeal are barred in collateral proceedings absent a showing of cause and prejudice) (citing United States v. Frady, 456 U.S. 152, 168 (1982)). In addition, claims of sentencing errors are generally not cognizable in a § 2255 proceeding absent "exceptional circumstances." Knight v. United States, 37 F.3d 769, 772-73 (1st Cir. 1994). Nonetheless, because Pierre's

5

claim is in any event meritless, this Court addresses it directly.[4]

The short answer to Pierre's claim is that this Court was correct in its interpretation of the guideline in question. By its very terms, USSG § 4A1.3 limits the extent of downward departures for career offenders to one criminal history category level. USSG § 4A1.3(b).[5] Cf. United States v. Heilman, 377 Fed. Appx. 157, 215-16 (3d Cir. 2010) (affirming sentencing court's one-level criminal history departure).

Pierre further contends that under § 4A1.3(b) this Court could have reduced his offense level as well as his criminal history category, so as to arrive at an even lower guideline

---

[4] In its response, the Government makes an oblique reference to the timeliness of Pierre's motion to vacate. (See Gov't Mem. 3, ECF No. 46.) Assuming that the motion was mailed on the date Pierre signed the motion -- October 6, 2009, one year from the date his conviction became final -- the fact that it was not docketed in this Court until October 26, 2009 does not prevent it from being deemed timely filed. See Morales-Rivera v. United States, 184 F.3d 109, 110-11 (1st Cir. 1999) (stating that the "mailbox rule" allows federal pro se prisoner's filings to be dated as of the date placed in a prison mailbox, because a pro se prisoner lacks ability to ensure that prison authorities timely forward his materials to clerk of court).

[5] Guidelines § 4A1.3(b) provides in pertinent part:
(3) Limitations. --
  (A) Limitation on Extent of Downward Departure for Career Offender.--The extent of a downward departure under this subsection for a career offender within the meaning of § 4B1.1 (Career Offender) may not exceed one criminal history category.

USSG § 4A1.3(b)(3)(A) (emphasis added).

6

range. (Pet. Mem. 4.) While this may have been true prior to 2003, the 2003 amendment to USSG § 4A1.3 restricted downward departures in the case of career offenders to one level, for criminal history category only, by limiting the definition of "departure" in USSG § 1B1.1 (Application Notes) to criminal history category levels and excluding offense levels. See USSG App. C, Amendment 651; see also Heilman, 377 Fed. Appx. at 215-16. In Heilman the court noted that "[w]hile § 4A1.3(b)(3)(A) limits the extent of a downward departure under §4A1.3, it is the definitional amendment at § 1B1.1 that limits the type of departure available under § 4A1.3." Id. at 216 (quoting United States v. Grier, 585 F.3d 138, 143 (3d Cir. 2009)); see also United States v. Nielsen, 427 F. Supp. 2d 872, 878 (N.D. Iowa 2006) (noting that departures changing offense levels no longer permitted after 2003 amendment).[6]

Here, this Court recognized that § 4A1.3(b) allowed for only a one-level reduction in criminal history level for career offenders. As it was, the Court felt that a one-level departure would still bring about a sentence too harsh (235 to 293

---

[6] The cases cited by Pierre in support of his motion -- United States v. Shoupe, 35 F.3d 835 (3d Cir. 1994); United States v. Bowser, 941 F.2d 1019, 1026 (10th Cir. 1991); United States v. Reyes, 8 F.3d 1379, 1388-89 (9th Cir. 1993); and United States v. Clark, 8 F.3d 839, 846 (D.C. Cir. 1993) (see Pet. Mem. 3-4) -- all predated the 2003 amendment and thus do not assist him. See United States v. Grier, 585 F.3d 138, 141-42 (3d Cir. 2009) (noting this fact).

months), and it took that into consideration when it handed down its sentence of 188 months, which was significantly lower than what the guidelines called for.

To the extent that Pierre contends that the sentencing Court should have disregarded his career offender status, his argument is likewise misguided. He has shown no authority permitting a sentencing court to disregard a career offender designation in assessing the applicable sentencing guideline range. Moreover, even if Pierre's career offender status (and the resulting departure limitation) could be disregarded so as to permit a two-level departure, the applicable guideline range would have been 210-262 months, well above the actual sentence imposed.

Here, the record indicates that this Court understood that it had full discretion to depart. At the sentencing hearing, it stated, "I don't disagree that because [Pierre's raw criminal history category] is a four as opposed to a six, that that's something that should be considered. I agree it is something that should be considered, but I think the proper place to consider it is in the context of exercising my discretion under the advisory guidelines." (Sent. Tr. 9-10.)[7] Not only did this

---

[7] The full text of this Court's pertinent comment is as follows:

> I'm going to follow my prior practice with respect to these motions. I don't believe that the motion for a

Court refer to the guidelines as advisory, but it made numerous references to taking all factors into consideration and exercising full discretion in fashioning Pierre's sentence, as opposed to actually being limited by guidelines that were no longer mandatory.

In short, this Court had a full and correct understanding of its post-Booker discretion to impose a below-guidelines sentence on Pierre. Pierre's sentence, which was substantially lower than what was called for under the applicable guideline range, was eminently reasonable. See United States v. Smith, 531 F.3d 109, 111 (1st Cir. 2010) (sentences reviewed for

---

> downward departure is called for under the applicable section of the guideline for over-representation [of criminal history]. This is a case that's driven by the career offender provisions. He technically qualifies as a career offender. I don't disagree that because this is a [crime category] four as opposed to a six, that that's something that should be considered. I agree that it is something that should be considered, but I think the proper place to consider it is in the context of exercising my discretion under the advisory guidelines. So I'm going to consider it in that context. As pointed out, I think I would be limited anyway to a one-level departure [under § 4A1.3(b)], and I think that it just makes more sense to put this into the larger context of determining what the appropriate sentence is under all the [18 U.S.C. §] 3553 factors. So for those reasons, I'm going to deny the defendant's motion for a downward departure and move on to a discussion about the appropriate sentence in this case.

(Sent. Tr. 9.)

reasonableness).[8]  Thus, Pierre has fallen far short of showing any "exceptional circumstances" warranting relief under § 2255, and his claim that he was entitled to receive an even lesser sentence cannot prevail.

B. Ineffective Assistance of Counsel

In view of the Court's disposition of his first claim, Pierre's claim that his counsel was ineffective in failing to persuade the Court that it could depart by more than one level cannot succeed.

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

(1) That his counsel's performance fell below an objective standard of reasonableness; and

(2) [A] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); accord United States v. Manon, 608 F.3d 126, 131-32 (1st Cir. 2010).

---

[8] In Smith, the First Circuit rejected the defendant's argument that the sentencing court did not understand that the guidelines were advisory and not mandatory. The First Circuit found that the sentencing court understood its discretion to depart and that there was no abuse of discretion. United States v. Smith, 531 F.3d 109, 111 (1st Cir. 2010). Indeed, the sentence upheld in Smith was within the applicable advisory guideline range, rather than below it, as here.

Here, Pierre argues that if his counsel had effectively researched § 4A1.3, he would have realized that Pierre was not confined to a one-level departure. In fact, any sound research by defense counsel would have revealed just the opposite. Because it has been determined that the Court's interpretation of USSG § 4A1.3(b) was correct, counsel cannot be deemed ineffective for failing to argue otherwise. See United States v. Cronic, 466 U.S. 648, 656 n.19 (1984) (counsel need not engage in useless charade); United States v. Ventura-Cruel, 356 F.3d 55, 61 n.8 (1st Cir. 2003) (defense counsel's failure to raise meritless legal argument does not constitute ineffective assistance of counsel); Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999) (same).

Moreover, defense counsel actually did present a motion for a downward departure pursuant to § 4A1.3, arguing that Pierre's criminal history category did not properly reflect the seriousness of his criminal history. The fact that the motion was unsuccessful does not make counsel ineffective. See Strickland, 466 U.S. at 699; see also Campusano v. United States, No. 03 Civ. 2982(SAS), 2004 WL 1824112, at *4 (S.D.N.Y. Aug. 13, 2004) (noting that the fact counsel loses an argument does not make his performance deficient).

As for the second part of the Strickland test, Pierre was not prejudiced by any mistake of the Court or ineffective

11

assistance of counsel. The Court understood the sentencing issue as one of an overstated criminal history warranting a lower sentence. As a result, Pierre was given a sentence that was well below the applicable guideline range. Thus, Pierre has not shown that this Court would have imposed a still lower sentence under any circumstances. See <u>Strickland</u>, 466 U.S. at 694.

III. CONCLUSION

For the foregoing reasons, Pierre's claims must be rejected and his motion to vacate is hereby DENIED and DISMISSED.

<u>RULING ON CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts, this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability, because Pierre has failed to make a substantial showing of abuse of discretion or ineffective assistance of counsel.

Pierre is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter.  See § 2255 Rule 11(a).

IT IS SO ORDERED:

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: August 3, 2011